IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

In Re:
Harold Sylvester Albertson,                Chapter 7

DEBTOR                          CASE NO: 13-20455

RESPONSE OF HAROLD ALBERTSON TO RENEWED MOTION FOR
ADEQUATE PROTECTION AND MEMORANDUM REGARDING
ADEQUATE PROTECTION

For response to the RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY, Harold Albertson states as follows:

1. Harold Albertson admits the allegations in paragraphs 1,2 and 3 of the Motion.

2. Harold Albertson denies the allegation in paragraph 4 of the Motion and states that principal balance due on the loan is $383,365.11 as stated in Exhibit A attached hereto.

3. Harold Albertson denies the allegations in paragraphs 5,6,7 and 8 of the Motion and states that the Loan Modification Agreement involved a series of six payments of $1700 each which were paid in the year 2013 leading up to the granting of the modification in December 2013. The payment of the six regular monthly payments was a necessary requirement leading up to the grating of the modification in December 2013.

4. Harold Albertson admits the allegations is paragraphs 9, 10 and 11 of the Motion and states that the involuntary bankruptcy petition was filed in November, 2013 and Harold Albertson had no choice in whether to participate in the bankruptcy or not. Harold Albertson never requested a bankruptcy and Harold Albertson has never requested that any of his debts be discharged by the bankruptcy. After the filing of the bankruptcy, Harold Albertson did not make any further payments to SLS. There were funds available for distribution in the bankruptcy, and the recommendation of to whom those funds where to be distributed was not know until the Chapter 7 trustee filed his initial report in December 2017. The time period involved in concluding the Chapter 7 case was justified by the very substantial result obtained by the Chapter 7 Trustee in recovering over $180.000.00. Harold Albertson had no involvement and did not contribute in any way to the 4 year period of time during which the Chapter 7 Trustee was accomplishing the recovery that the Chapter 7 trustee obtained.

ARGUMENT

In response to paragraphs 12 to 26 of the Motion, Harold Albertson states that those paragraphs are presented as arguments and the response of Harold Albertson is likewise made in the form of his argument requesting that the Renewed Motion for Relief From The Automatic Stay be denied.

Harold Albertson states that several factual matters should be decided by an evidentiary hearing in order to determine whether there is adequate protection in this case. SLS has expressed several different positions with regard to the principal amount due on this loan (see exhibit A) and several different positions with regard to the fair market value of the property (from as high as $535,000 to as low as $470,000).

The presence of equity or lack of equity in this property depends on establishing the amount due on the loan and the present value of the property.

If the amounts which are eventually established do not show a large amount of equity in the property, adequate protection can be established by the Court ordering that the Automatic Stay not be lifted as long as regular monthly payments are made by Harold Albertson and as long as such additional monthly amounts as are determined by the Court are made by Harold Albertson. The Court can Order the payments to begin immediately and thereby assure future adequate protection. Once the assurance of adequate protection is put in place, the lifting of the automatic stay is no longer necessary.

At the present time, even the information presented by SLS in Exhibit A, indicates that sufficient funds exist each month so that Harold Albertson

can comply with his stated purpose to pay the regular monthly payments and such additional monthly amounts as are deemed necessary by the Court to preserve the adequate protection which already exists in this case.

The case law regarding adequate protection when applied to the circumstances in this case indicates that the stay should not be lifted. In *Alyucan International Corp.*, 7 B.C.D. 1123 (D. Utah 1981) the Court emphasized that in addition to the equity cushion, other factors should be considered in determining whether the motion to lift the stay should be denied. In this case there is an equity cushion. In this case, the house at 729 Glenridge Road in Charleston, WV is occupied and maintained by the buyer, the value of houses in the neighborhood is increasing, the asset is not depreciating, and the buyer is willing for the Order denying the lifting of the stay to require that each monthly payment and any additional payments to SLS be made in order to preserve the equity cushion.

Date: February 9, 2018

/s/ Harold Albertson
Harold Albertson
729 Glenridge Rd.
Charleston, WV 25304
681-587-9237

## CERTIFICATE OF SERVICE

I certify that on 2-9-18 the foregoing was served on Randall L. Saunders by US Mail.

/s/ Harold Albertson

DECLARATION OF HAROLD ALBERTSON IN OPPOSITION TO THE RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. My name is Harold Albertson and I am over the age of 18 years and have personal knowledge of the fact stated herein and if called upon as a witness I would testify competently to the factual statements made herein.

2. Upon information and belief, I believe that the fair market value of the house at 729 Glenridge Road is approximately $535,000.00.

3. In exhibit A attached hereto, SLS states that the principal amount due on the house is $393,365.11.

4. I am prepared to make the regular monthly payments and such additional amounts as are ordered by the Court to preserve the adequate protection that exists with respect to the loan on this house. Exhibit A establishes my ability to make such payments.

5. The house at 729 Glenridge Road in Charleston, WV is occupied and maintained by the buyer, the value of houses in the neighborhood is increasing and the asset is not depreciating.

Pursuant to 28 USC 1746 I declare under penalty of perjury that the foregoing is true and correct.

By: *Harold Albertson* (signature)

Harold Albertson

- **Standard Modification Program - Denied**
  - We are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond requirements of your investor.
  - Based on your income and data on your mortgage, a negative value was received when calculated through a net present value tool (NPV). Only those mortgages where the NPV calculation is above a certain value are eligible for a modification. NPV is determined by a calculation and formula to estimate the financial impact to the owner(s) of your mortgage if the mortgage is modified. Listed below are some of the factors that go into the NPV calculation and the specific information used in the NPV calculation on your mortgage that, when combined with other data in the NPV calculator, are used to derive the NPV value.

  Information and values used in the NPV calculation of your mortgage:
  - Unpaid balance on the original loan: $429,500.00
  - Interest rate before modification: 2.00000%
  - Months delinquent: 47
  - Next adjustable-rate mortgage (ARM) reset date: N/A
  - Next ARM reset rate: N/A
  - Unpaid principal balance: $393,365.11
  - Monthly insurance payment: $228.67
  - Monthly real estate taxes: $343.23
  - Monthly homeowners association fees: $0.00
  - Monthly gross income: $7,075.15
  - Borrower total monthly obligations: $2,841.21
  - Borrower credit score: 601
  - Co-borrower credit score: 560
  - Zip Code: 25304
  - State: WV
  - Property value: $470,000.00
  - Date of NPV calculation: 10/23/2017

Setting the Standard

Exhibit "A"